UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DEBRA SPEARS-WILLIAMS**         CIV. NO. 2:24-CV-02310

**VERSUS**                        JUDGE CARL J. BARBIER

**LSU HEALTHCARE NETWORK ET AL.**  MAGISTRATE JUDGE JANIS VANMEERVELD

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Louisiana State University School of Medicine in New Orleans Faculty Group Practice, A Louisiana Non-Profit Organization d/b/a LSU Healthcare Network ("Defendant" or "LSUHN"),[1] hereby submits this memorandum of law in support of its Motion to Dismiss the Complaint filed by Plaintiff Debra Spears-Williams ("Plaintiff') in its entirety for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.    INTRODUCTION**

Under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA", a plaintiff has 90 days to bring suit in federal court after receipt of the statutory Notice of Right to Sue ("NRTS") or the lawsuit is time-barred and properly dismissed.[2] The requirement of filing a lawsuit within 90 days of receipt of the NRTS serves as a statute of limitations and is "strictly construed" within the Fifth Circuit, warranting dismissal even for lawsuits filed even a single day after the 90-day deadline.[3]

---

[1] The Docket and style of the case appear to reflect multiple Defendants, but "LSU Healthcare Network" is simply a registered trade name of "Louisiana State University School of Medicine in New Orlean Faculty Group Practice, A Louisiana Non-Profit Organization", which is the only Defendant.

[2] *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (applying Title VII's limitations period to ADA claims).

[3] *See Taylor v. Books A Million, Inc*., 296 F.3d 376, 379 (5th Cir. 2002) ("This requirement to file a lawsuit within the ninety-day limitation period is strictly construed") and citing *Butler v. Orleans Parish School Board,* 2001 WL 1135616

Plaintiff's discrimination and retaliation claims under Title VII are time-barred because she failed to file her lawsuit within 90 days of her receipt of the NRTS from the Equal Employment Opportunity Commission ("EEOC"). The date of Plaintiff's receipt of the NTRS is expressly acknowledged by Plaintiff in her Complaint to be June 20, 2024, and is further verified by the EEOC records showing the same June 20, 2024 date when Plaintiff received e-mail notification of the NRTS, and the filing of her lawsuit was **after** the expiration of 90 days.

In addition to also being time-barred, the claims Plaintiff asserts in her untimely filed lawsuit under the American with Disabilities Act ("ADA") are also properly dismissed for failure to exhaust administrative remedies, because the alleged ADA claims were never included in Plaintiff's administrative Charge of Discrimination. For the reasons discussed. Plaintiff's untimely filed Complaint is time-barred and procedurally flawed and should be properly dismissed with prejudice.

## II.    FACTUAL BACKGROUND

In the Complaint Plaintiff filed with this Court on September 20, 2024[4], she claims Defendant LSUHN violated Title VII and the ADA by wrongly terminating her employment on the basis of her race, color, national origin, disability, and subjecting her to retaliation.[5]

Prior to the filing of her lawsuit, Plaintiff had filed a Charge of Discrimination with the Louisiana Commission on Human Rights[6] ("LCHR") on February 1, 2024 in regard to the April 25, 2023

---

(E.D. La. Sept.25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the ninety-day period).

[4] While Plaintiff's lawsuit was filed with this Court on September 20, 2024, Plaintiff did not serve Defendant until May 6, 2025. *See* Pacer Docket Entry No. 18. Prior to Defendant ultimately being served, Plaintiff had been subject to an in-person "show cause" hearing before the Magistrate to explain why service of her lawsuit had not yet been completed. *See* Pacer Docket Entry No. 16 - 17.

[5] *See* September 20, 2025 Complaint for Employment Discrimination, attached as Exhibit "A".

[6] LCHR and the EEOC "have a work-sharing agreement whereby they operate as each other's agents for the purpose of receiving and drafting charges." *Martin v. Winn–Dixie Louisiana, Inc.*, 132 F. Supp. 3d 794, 814-15 (M.D. La. 2015) (quotation omitted); *see Conner v. La. Dep't of Health & Hosps.*, 247 Fed. Appx. 480, 481 (5th Cir. 2007). On February 19, 2024, the EEOC issued a Notification & Acknowledgment of Due-Filed Charge, noting the EEOC's intent to investigate the Charge and LCHR's intent to defer any investigation of its own. *See* Notification & Acknowledgment of Due-Filed Charge, attached as Exhibit "B".

termination of her employment.[7] In her Charge of Discrimination, Plaintiff **only** asserted claims of race discrimination and retaliation under Title VII, and did not assert **any** claims alleging any violation of the ADA.[8]

The EEOC issued Plaintiff the NRTS on June 20, 2024.[9] In her Complaint, Plaintiff expressly states that she actually received her NRTS on June 20, 2024.[10] Plaintiff's EEOC records produced pursuant to a Freedom of Information Act request further confirm conclusively that the EEOC e-mailed Plaintiff notice of the NRTS on June 20, 2024.[11]

According to the EEOC's online portal activity log, the NRTS was generated and uploaded to the EEOC portal at 14:13:49 CST on June 20, 2024 and released for access at 14:14:11 CST.[12] The EEOC log expressly noted that on June 20, 2024 at 14:14:12 CST, the EEOC **"[e]mailed Mrs. Debra F. Spears-Williams at [REDACTED E-MAIL] that a new document is available to download"** and simultaneously also notified Defendant of the NRTS by e-mail.[13] In addition to the e-mail notification from the EEOC on June 20, 2024, the EEOC log also expressly reflects that on June 21, 2024 at 5:59:19 CST "**The Charging Party [Plaintiff] has Downloaded Document. Type: Closure Notice/NRTS, FileName: Closure Notice-NRTS-2024-06**", showing that Plaintiff had accessed the NRTS she had been notified of through the EEOC's e-mail the day before.[14] In the June 20, 2024 Notice of Rights from the EEOC, Plaintiff was expressly informed that:

---

[7] *See* Charge of Discrimination, attached as Exhibit "C".

[8] Exhibit "C" (Charge of Discrimination).

[9] See June 20, 2024 NRTS attached as Exhibit "D".

[10] Exhibit "A" at Section IV (B) (Complaint for Employment Discrimination).

[11] *See* EEOC On-Line Portal Activity Log for Charge No. 461-2023-02067, attached as Exhibit "E".

[12] Exhibit "E" (EEOC On-Line Portal Activity Log for Charge No. 461-2023-02067).

[13] Exhibit "E" (EEOC On-Line Portal Activity Log for Charge No. 461-2023-02067).

[14] Exhibit "E" (EEOC On-Line Portal Activity Log for Charge No. 461-2023-02067).

> This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice**. (emphasis in original).[15]

Plaintiff filed her Complaint on September 20, 2024, or 92 days **after** she certified in her Complaint that she had received the NRTS, 92 days **after** receiving the e-mail notice of the NRTS from the EEOC, and 91 days **after** EEOC records show she actively accessed the NRTS on the EEOC's on-line portal.[16]

### III.  STANDARD OF REVIEW

Defendant respectfully requests that the Court dismiss this suit for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, under Federal Rule of Civil Procedure 56(c) because Plaintiff's claims are time-barred. In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he plaintiff must plead `enough facts to state a claim for relief that is plausible on its face." *Guidry v. American Public Life Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A motion to dismiss is appropriate when "it is evident from the plaintiff's pleadings that the action is [time] barred and the pleadings fail to raise some basis for tolling." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). In the instant case, Plaintiff's purported claims under Title VII are time-barred because she failed to file her lawsuit within 90 days of being given her NRTS by the EEOC. The Court may consider documents attached to the Complaint, referenced in the Complaint, and central to the claim, as well as documents that are part of the public record or subject to judicial notice, in the Rule 12(b)(6) analysis without converting the

---

[15] Exhibit "D" (June 20, 2024 NRTS).

[16] Exhibit "A" (September 20, 2025 Complaint for Employment Discrimination).

motion to a Rule 56 motion. *McHenry v. Kean Miller LLP*, 2022 WL 4465951, at *3 (E.D. La. Sept. 26, 2022). Therefore, this Court may consider the related EEOC records that are part of the public record, in deciding this Motion to Dismiss. Courts routinely take judicial notice of public records, including EEOC records, as "sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201; *see also Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *see also Prewitt v. Continental Authorities*, 927 F. Supp. 2d 435, 447 (W.D. Tex. 2013) (holding that in deciding a motion to dismiss, "a court may take judicial notice of EEOC documents as a matter of public record").

Alternatively, Defendant is entitled to summary judgment should the Court convert the motion to a motion for summary judgment under Rule 56. Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, no genuine dispute as to any material fact exists, and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); Fed. R. Civ. P. 56(a). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). If Defendant demonstrates the absence of a genuine issue of material fact, "[Plaintiff must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 199 (5th Cir. 1999).

### IV.    ARGUMENT AND AUTHORITY

**A. Plaintiff's Complaint is properly dismissed in its Entirety because it was filed more than 90 day after Plaintiff's Receipt of her NRTS.**

The requirement that a party file a lawsuit within this ninety-day limitations period under Title VII and the ADA is strictly construed. *Kabat v. Myers-Holum, Inc.*, 2025 WL 35027, at *3 (E.D. La., January 26, 2025); *Taylor*, 296 F.3d at 379. "[C]ommencement of the ninety-day period begins to run on the day that notice is received at the address supplied to the EEOC by the claimant." *Bowers v. Potter*, 113 Fed. Appx. 610, 612 (5th Cir. 2004). In *Patton v. Bodacious Bar & Q*, 2024 WL 3330615 (W.D. La. July 28, 2024), the court held that "[w]hen a claimant receives notice that the right to sue has been issued **through means other than mail, the 90-day period commences** regardless of whether the letter has been received." (emphasis added).

Courts within the Fifth Circuit have consistently found that a claimant's receipt of the EEOC's notice via email begins the 90-day limitation period. *See, e.g., Harrison v. Mayorkas*, 2022 WL 2237135, at *2-3 (E.D. La. June 21, 2022) (holding that 90-day limitation period began to run from receipt of EEOC email, even when the email was not read on that date); *Boyd v. Monroe City Hall*, 2021 WL 1305385, at *4 (W.D. La. Mar. 8, 2021) (holding that EEOC email of determination notice triggered 90 day period, even when email was deposited in plaintiff's spam folder). "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Taylor*, 296 F.3d at 376 (citing *Butler v. Orleans Parish School Board*, 2001 WL 1135616 (E.D. La. Sept. 25, 2001)) (dismissing Title VII claims where pro se plaintiff filed her complaint one day beyond the ninety-day period).

In this instance, by her own admission in the Complaint, as well as the EEOC online portal activity log for this matter, Plaintiff received notice of the NRTS by e-mail on June 20, 2024, but did not file her Complaint until September 24, 2024, or 92 days **after** her receipt of the NRTS, and accordingly, her Complaint was filed untimely and the Complaint is properly dismissed with prejudice in its entirety. Assuming *arguendo* that the June 21, 2024 date on which Plaintiff downloaded the NRTS from the EEOC portal was considered as receipt, which it would not and is directly counter to the controlling authority above, Plaintiff would still have filed her Complaint 91 days **after** receipt, and her

6

lawsuit would still be untimely because it was filed one day after the deadline. *See Butler*, 2001 WL 1135616 (E.D. La. Sept. 25, 2001).

### B. Plaintiff's ADA claim is properly dismissed for failure to exhaust administrative remedies.

It is well-settled that a plaintiff must exhaust all administrative remedies before an action can be brought under the ADA. *Wood v. Kansas City Southern Railway Co.*, 2024 WL 4417376, at *7 (W.D. La. Oct. 3, 2024) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996); 42 U.S.C. § 2000e–5(f)(1). The exhaustion requirement is satisfied when plaintiff files a timely charge with the EEOC and receives a statutory right-to-sue notice. *See Dao*, 96 F.3d at 788–89. The Fifth Circuit has held that there is no jurisdiction for a court to consider an ADA claim when the aggrieved party has not exhausted all administrative remedies. *See Nat'l Ass'n v. City of Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 711 (5th Cir. 1994). Failure to comply with this requirement will result in dismissal of a plaintiff's claim. *See Reed v. Northrop Grumman Ship Sys. Inc.*, 2004 WL 2115596, at *2 (E.D. La. Sept. 17, 2004). Claims that are not specifically raised in an EEOC charge and could not "reasonably be expected to ... grow out of [a] charge of discrimination" cannot be pursued in federal court due to a failure to exhaust administrative remedies. *Patton v. Jacobs Engineering Group, Inc.*, 874 F.3d 437, 444 (5th Cir. 2017) (citations omitted). *See also Hernandez v. Metro. Transit Auth. of Harris Cty.*, 673 Fed. Appx. 414, 416 n.1 (5th Cir. 2016) (claims for which a plaintiff has not exhausted his administrative remedies are barred from review in federal court).

In the instant case, it is undisputed that Plaintiff's Charge of Discrimination does not assert **any** allegations whatsoever as to any purported discrimination on the basis of a disability and no such claims were ever presented to the LCHR or the EEOC. In Plaintiff's Charge, under the section "Discrimination Based On", it solely states "Race, Retaliation" and there is no reference anywhere in the Charge relating to disability or any discrimination on that basis.[17] In fact, in her Charge, Plaintiff clearly and exclusively

---

[17] *See* Charge of Discrimination, attached as Exhibit "C".

7

states that "**I believe I have been discriminated against because of my race, Black, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.**"[18] Accordingly, Plaintiff failed to exhaust any supposed ADA claims, and any such claims in her Complaint are properly dismissed with prejudice.

## V. CONCLUSION

Plaintiff's claims against Defendant LSUHN are time-barred and her Complaint's supposed ADA claims are likewise properly dismissed due to Plaintiff's failure to exhaust administrative remedies by not asserting such claims in a timely Charge of Discrimination. For this and all of the foregoing reasons, Defendant respectfully requests that this Court grant this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing this action in its entirety with prejudice.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:  /s/ Mark Fijman
  MARK FIJMAN (Bar #37680)
  Canal Place, 365 Canal Street, Suite 2000
  New Orleans, Louisiana 70130-6534
  Telephone: 504-566-1311
  Telecopier: 504-568-9130
  Email: mark.fijman@phelps.com

**ATTORNEY FOR DEFENDANT**

---

[18] *See* Charge of Discrimination, attached as Exhibit "C".

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 11th day of June, 2025, filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record, and that I have served a copy on Plaintiff, Debra Spears-Williams, by United States mail to the address contained in her Complaint.

/s/ Mark Fijman
MARK FIJMAN