UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEBRA SPEARS-WILLIAMS | * | CIVIL ACTION NO. 24-2310 |
| | * | |
| | * | SECTION: "J"(1) |
| VERSUS | * | |
| | * | JUDGE CARL J. BARBIER |
| | * | |
| LSU HEALTHCARE NETWORK | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

# ORDER

    Before the Court is the Motion to Appoint Counsel filed by Debra Spears-Williams (Rec. Doc. 26). Ms. Spears-Williams' Complaint alleges that Defendant employer wrongfully terminated her employment based on race, subjecting her to retaliation due to Plaintiff's previous workplace complaints concerning Defendant's unfair employment practice and alleged racist comments made by other Defendant employees. Plaintiff attempts to raise a claim under Title VII of the Civil Rights Act of 1964 for discrimination based on race and disability status. The Court has already determined that Plaintiff was entitled to proceed *in forma pauperis* under 28 U.S.C § 1915. In the present motion, Plaintiff requests that the Court appoint counsel to represent her in this matter because she is unable to pay attorney's fees and adequately represent herself.

    "Title VII provides for the appointment of an attorney for a Title VII complainant upon request 'in such circumstances as the court may deem just.'" *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990) (quoting 42 U.S.C. § 2000e-5(f)(1)). The statute does not create an automatic right to counsel. *Id.* Regarding Plaintiff being appointed counsel, the court should consider "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Id.* (quoting 42 U.S.C. § 200e-

1

5(f)(1)). None of these factors alone are dispositive but rather ingredients used to guide the discretion of the court. *See Buesgens v. Snow*, 169 F. App'x 869, 870 (5th Cir. 2006).

The Court finds that the merits of Plaintiff's claims weigh in favor of appointing counsel. Although Defendant argues in its Motion to Dismiss that Plaintiff failed to file her lawsuit timely, it is possible that equitable tolling could apply. *See Whitfield v. Pere Antoine, LLC*, No. CV 24-806, 2024 WL 4362987, at *7 (E.D. La. Oct. 1, 2024) (noting that the Fifth Circuit has recognized three primary bases for equitable tolling: (1) pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of defendant's intentional concealment of them; and (3) the EEOC misleading the Plaintiff about the nature of her rights). Here, Plaintiff alleges she asked the EEOC representatives for help with the next steps to take after filing her Charge and was informed she needed an attorney to file her complaint with the court. She claims that initially, she did not know she could file her complaint as a pro se litigant. If Plaintiff is appointed counsel, that attorney can assist her in determining whether equitable tolling could apply here.

If Plaintiff were to defeat Defendant's Motion to Dismiss on timeliness grounds, at least some of claims might proceed to discovery. Plaintiff alleges she was terminated after raising concerns with her manager and human resources regarding allegedly unfair work practices and racially discriminatory comments by Defendant's employees. Taking the facts in the complaint as true, these allegations may be sufficient to state a plausible claim for racial discrimination. This potential for the claim to advance to discovery and trial weighs in favor of appointing counsel to assist in the development of Plaintiff's case.

In evaluating whether to appoint counsel, the Fifth Circuit also considers the plaintiff's ability to represent themselves. <u>Salmon v. Corpus Christi Indep. Sch. Dist</u>., 911 F.2d 1165, 1166–

67 (5th Cir. 1990) (per curiam); <u>Oviedo v. Lowe's Home Improvement, Inc.</u>, 184 F. App'x 411, 412 (5th Cir. 2006) (per curiam). Here, Plaintiff has repeatedly stated that she does not understand how to proceed despite reading the federal court's *Handbook for Pro Se Litigants* multiple times. Her confusion, including her mistaken belief that an attorney was required to file in federal court, indicates a limited understanding of basic legal procedures and an inability to effectively respond to Defendant's Motion to Dismiss. If the Complaint survives, it appears that the increasing complexity of discovery, dispositive motions, and trial preparation would likely exceed Plaintiff's capacity to litigate without counsel. The Court finds that Plaintiff's demonstrated confusion and lack of procedural knowledge weighs in favor of appointing counsel under the Fifth Circuit's standard.

Lastly, the Court considers Plaintiff's efforts and financial ability to retain counsel. Plaintiff is proceeding *in forma pauperis* and has alleged financial hardship. She has demonstrated efforts to secure representation by contacting multiple attorneys, providing the Court with both names and dates of her attempts. The Court finds that Plaintiff has made sufficient efforts to obtain legal representation.

Upon consideration, all three factors weigh in favor of appointing counsel and the Court finds it appropriate to do so in this case. Accordingly,

IT IS ORDERED that the Motion to Appoint Counsel filed by Mrs. Spears-Williams (Rec. Doc. 26**)** is GRANTED; the Civil Pro Bono Counsel Program Coordinator shall identify a volunteer attorney from the Civil Pro Bono Counsel Panel to be appointed in this case.

New Orleans, Louisiana, this 23rd day of July, 2025.

                                              Janis van Meerveld
                                     United States Magistrate Judge

**<u>Clerk to Notify:</u>**

Civil Pro Bono Counsel Program Coordinator