UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEBRA SPEARS-WILLIAMS | * | CIVIL ACTION NO. 24-2310 |
| | * | |
| | * | DIVISION 1 |
| VERSUS | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| LSU HEALTHCARE NETWORK | * | |
| ************************************ | * | |

ORDER AND REASONS

This is an employment discrimination lawsuit. Defendant moves to dismiss plaintiff's complaint as time barred. There is no dispute that she failed to timely file suit. Because the Court finds that equitable tolling is not warranted by the circumstances of this case, the Motion to Dismiss (Rec. Doc. 23) is GRANTED.

Background

Plaintiff Debra Spears-Williams claims she was fired in retaliation for complaining about unfair practices and an employee being racist towards her. She filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 16, 2024. The EEOC issued a right to sue letter on June 20, 2024. The letter advised that if choosing to file a lawsuit, she must "file a complaint in court **within 90 days of the date you *receive* this Notice**" Rec. Doc. 1-2, at 3. The letter explained that "Receipt generally means the date when you (or your representative) opened this email or mail." Id. It noted that "[i]f you intend to consult an attorney, you should do so promptly." Id. And it directed Ms. Spears-Williams to a website "[f]or information about locating an attorney to represent" her. Id.

1

Ms. Spears-Williams asserts that she received the EEOC's letter on June 21, 2025.[1] Spears-Williams Decl., Rec. Doc. 41-1. She contacted the EEOC on July 3, 2024, and asked what she needed to do. Id. In her declaration, she asserts that Ms. Hall with the EEOC told her that she would need to take her case to court and that she needed a lawyer to file suit. Id. Mr. Carrion with the EEOC provided her with a list of attorneys. Id. Ms. Spears-Williams asserts that she spoke with one of the law firms, paid a deposit, and left her personal information. Id. She believed she had retained counsel. Id. Several weeks later, the law firm got in touch with her and declined representation. Id. She asserts that she went to the EEOC office "well into September of 2024 with the deadline looming" and she claims she was told, for the first time, that she did not need a lawyer to file suit. Id. She immediately filled out the paperwork. Id. She says that "[d]espite diligent effort, I was not able to file the pro-se complaint that day. I continued trying with the help of courthouse personnel, and the day before the complaint was due, I believed I had properly submitted the complaint." Id.

The EDSS Receipt shows that Ms. Spears-Williams submitted her Complaint to this Court on September 20, 2024. Rec. Doc. 1, at 7. There is no indication in the record that any earlier attempts at filing either in person or electronically where made. There is no dispute that the date she filed suit was September 20, 2024. This is 91 days after she received the EEOC's notice of right to sue.

Ms. Spears-Williams' Complaint asserts causes of action for retaliation and discrimination on the basis of race, color, national origin, and disability or perceived disability. On June 11, 2025, defendant Louisiana State University School of Medicine in New Orleans Faculty Group Practice, a Louisiana non-profit organization d/b/a LSU Healthcare Network ("LSU Healthcare") filed a

---

[1] According to the Defendant, the EEOC's online portal activity log confirms that the letter was sent by email that day and opened by Ms. Spears-Williams on June 21, 2024.

Motion to Dismiss Ms. Spears-Williams' complaint as untimely filed. Indeed, under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, a plaintiff has 90 days to bring suit in federal court after receipt of notice of right to sue. Because she did not meet this deadline, LSU Healthcare argues that Ms. Spears-Williams' complaint must be dismissed. Additionally, LSU Healthcare argues that Ms. Spears-Williams' disability discrimination claim must be dismissed for failure to exhaust administrative remedies because her charge of discrimination did not contain any allegations concerning discrimination on the basis of a disability.

Ms. Spears-Williams moved to appoint counsel, and on July 23, 2025, the Court granted her motion. Ms. Spears-Williams is now represented by counsel, who has filed a Memorandum in Opposition to Defendant's motion to dismiss. Ms. Spears-Williams argues that the ninety-day deadline should be equitably tolled because she was misled by the EEOC about the need to retain counsel.

Law and Analysis

1. *Relevant Standard*

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level." Id. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's

pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003)

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). The Fifth Circuit has recognized that the court may also consider documents attached to a motion to dismiss by the defendant if they are referred to in the plaintiff's complaint and central to his claim. Id. at 498-99; see Villarreal v. Wells Fargo Bank, N.A., 814 F.3d 763, 766 (5th Cir. 2016). If matters outside the pleadings are considered "the motion must be treated as one for summary judgment under Rule 56" and all parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Summary Judgment under Federal Rule of Civil Procedure 56 must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56. The movant has the initial burden of "showing the absence of a genuine issue as to any material fact." Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). The respondent must then "produce evidence or designate specific facts showing the existence of a genuine issue for trial." Engstrom v. First Nat. Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995). Evidence that is "merely colorable" or "is not significantly probative" is not sufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "[I]n evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party." Qader v. Fed. Emergency Mgmt. Agency, 543 F. Supp. 2d 558, 561 (E.D. La. 2008).

2. *Timeliness of Discrimination Claims and Equitable Tolling*

"Title VII provides that claimants have ninety days to file a civil action after *receipt* of [notice of right to sue] from the EEOC." Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002); see 42 U.S.C. § 2000e-5(f)(1). This requirement applies to claims under the Americans with Disabilities Act, too. January v. Texas Dep't of Crim. Just., 760 F. App'x 296, 299 (5th Cir. 2019); see 42 U.S.C. § 12117 (applying Title VII's powers, remedies, and procedures to disability discrimination claims). The "requirement to file a lawsuit within the ninety-day limitation period is strictly construed." Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002)

The ninety-day filing requirement is akin to a statute of limitations and is subject to equitable tolling. Harris v. Boyd Tunica, Inc., 628 F.3d 237, 239 (5th Cir. 2010). But the doctrine of equitable tolling is applied sparingly, and the plaintiff has the burden to justify it. Granger v. Aaron's, Inc., 636 F.3d 708, 712 (5th Cir. 2011); see Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) ("Courts may evaluate whether it would be proper to apply such doctrines [like waiver, estoppel, and equitable tolling], although they are to be applied sparingly."); Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). The Fifth Circuit has allowed equitable tolling where there is a pending suit between the same parties in another forum, where the plaintiff was unaware "of the facts giving rise to the claim because of the defendant's intentional concealment of them," or where the EEOC has mislead the plaintiff about the nature of his rights. Granger, 636 F.3d at 712 (quoting Wilson v. Sec'y, Dep't of Veterans Affs. on Behalf of Veterans Canteen Servs., 65 F.3d 402, 404 (5th Cir. 1995), as amended on denial of reh'g (Nov. 1, 1995)). For example, in Page v. U.S. Industries, Inc., the EEOC sent the plaintiff two letters. 556 F.2d 346, 350 (5th Cir. 1977). The first

advised that conciliation efforts had been unsuccessful and stated that she had the right to file suit. Id. The second letter captioned "Conciliation Failure Notice of Right to Sue" stated that the EEOC was issuing "this Notice of Right to Sue" and advised that if she decided to sue, she had to do so within 90 days of receipt of the notice. Id. She filed suit within 90 days of the second letter but more than 90 days after the first. Id. The Fifth Circuit found that the second letter triggered notice, but that even if the first provided adequate notice, the second letter stating she had 90 days to file suit was misleading and the plaintiff "was entitled to rely on this seemingly authoritative statement by the agency presumed to know the most about these matters." Id.; but see Stokes v. Dolgencorp, Inc., 367 F. App'x 545, 548 (5th Cir. 2010) (unpublished) (holding that an earlier received EEOC letter triggered the 90-day period and finding inadequate to justify equitable tolling the plaintiff's unsworn declaration that she had been led by EEOC staff to believe she did not have to file suit until after receiving the second letter because the plaintiff's declaration did not provide details of the conversation). And in Whitfield v. Pere Antoine, LLC, the district court denied summary judgment on the issue of timeliness where the plaintiff's counsel attested that technical problems with the EEOC portal prevented both him and plaintiff from viewing the document (which turned out to be the right to sue letter) uploaded more than 90 days prior to the date plaintiff filed suit. No. CV 24-806, 2024 WL 4362987, at *7 (E.D. La. Oct. 1, 2024). The court explained that "[a]dditional discovery is needed on the alleged technical difficulties within the EEOC portal and whether the EEOC acted in a manner that mislead Plaintiff about the nature of her rights." Id.

But courts "do not apply the doctrine of equitable tolling solely based on the employee's subjective impressions." Ramirez v. City of San Antonio, 312 F.3d 178, 184 (5th Cir. 2002). In Ramirez, the plaintiff claimed that when he told the EEOC representative he had been removed from his position as shift supervisor but that his pay and benefits had not been reduced, the EEOC

representative told him that he would not have a claim until his employer did something like removing his title or pay. Id. He then failed to file a charge of discrimination within the applicable limitations period following his removal as shift supervisor. Id. at 181-182. Because the alleged EEOC statement could have been true or false depending on what else plaintiff had told the EEOC and because the plaintiff did not go into further detail in his allegations, the court found plaintiff had not met his burden of demonstrating a factual basis for equitable tolling. Id. at 185. The court of appeals therefore affirmed the district court's grant of summary judgment that the complaint was untimely filed. Id. at 186.

Furthermore, mere negligence of the plaintiff or her attorney (such as by mismarking the deadline on a calendar) does not typically entitle a plaintiff to equitable tolling. See Harris, 628 F.3d at 239; see also Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 90 (1990) (holding that "principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect" where plaintiff's lawyer was absent from his office at the time the EEOC notice was received and then filed within 30 days of receipt). Thus, where plaintiff filed the complaint one-day late, a district court found equitable tolling was not justified where plaintiff contended that her husband, who she had entrusted to file the complaint, could not do so because of his health and that she could not do so because she had to attend to her mother's health. Butler v. Orleans Par. Sch. Bd., No. CIV. A. 00-0845, 2001 WL 1135616, at *3 (E.D. La. Sept. 25, 2001).

The Fifth Circuit is "more forgiving, though, when a claimant or her attorney has exercised due diligence in pursuing her rights." Granger, 636 F.3d at 712. For example, in Granger, the Fifth Circuit found that the district court had not abused its discretion in applying equitable tolling where plaintiffs failed to file a timely complaint with the EEOC but had filed within the limitations period with a different government office—the Office of Federal Contract Compliance Programs

("OFCCP"), which "enforces equal employment opportunities for employees of federal contractors." Id. at 709, 713. In so holding, the Fifth Circuit considered that the plaintiffs had secured counsel soon after their resignation from employment, their signed complaints were submitted to the government (albeit to the wrong office) months before the expiration of the applicable limitations period, and the attorney's staff made repeated contact with the OFCCP and were never told of the filing error. Id. at 710, 713. Instead the OFCCP assured them that the complaints were under investigation. Id. at 710. Yet the OFCCP failed to comply with its own regulations and notify the employer within ten days of the complaint. Id. Months after the period to file with the EEOC had expired, the OFCCP closed the file because the employer was not a government contractor and transferred the complaint to the EEOC. Id. The court of appeals found "[t]he government's lengthy delay was egregious and exceptional." Id. at 713.

3. *Analysis*

Because consideration of Ms. Spears-Williams' opposition requires evidence outside of the pleadings, the Court exercises its discretion pursuant to Rule 12(d) to convert LSU Healthcare's Motion to Dismiss to a Motion for Summary Judgment. Both parties have had an opportunity to present evidence in support of their position. The Court notes that LSU Healthcare has requested that if the Court is inclined to deny the motion, it do so without prejudice so that it may obtain discovery on the timeliness issue and raise it at a later time.

Ms. Spears-Williams argues that she is entitled to equitable tolling because she was misled by the EEOC. As LSU Healthcare points out, Ms. Spears-Williams' self-serving declaration that she "needed" an attorney to file suit [2] is inconsistent with the email communications sent by the

---

[2] The Court notes, though, that "an affidavit based on personal knowledge and containing factual assertions suffices to create a fact issue, even if the affidavit is arguably self-serving." C.R. Pittman Const. Co. v. Nat'l Fire Ins. Co. of Hartford, 453 F. App'x 439, 443 (5th Cir. 2011).

8

EEOC personnel she interacted with. These emails show that the EEOC was providing attorney referrals. The emails do not suggest that EEOC personnel informed Ms. Spears-Williams that she was *required* to retain an attorney to proceed. And the written notice from the EEOC makes clear that retaining an attorney is optional by saying that "[i]f you intend to consult an attorney, you should do so promptly." Rec. Doc. 1-2, at 3.

Moreover, even assuming that Ms. Spears-Williams was told that she could not file suit without an attorney, she admits that she learned **before** the deadline that she could file pro se. She admits she knew the deadline was looming. And yet, she failed to file her pro se complaint timely. Without further explanation, she says merely that she thought she had timely filed.

The Court finds that equitable tolling is not warranted by the circumstances here. Ms. Spears-Williams was well aware of the 90-day deadline. Any misstatements by EEOC personnel or misunderstandings by Ms. Spears-Williams were remedied before the deadline expired. Nonetheless, Ms. Spears-Williams did not timely file her Complaint.

This case is not like Page, where the EEOC provided an authoritative misleading statement in writing. Nor is this case like Granger, where counsel timely filed the charge in the wrong office and was never told to file elsewhere despite numerous communications with that office and where the court found the "government's lengthy delay" to be "egregious and exceptional." 636 F.3d at 713. Nor is this case like Whitefield, where there were disputed facts concerning technical difficulties at the EEOC that may have justified the plaintiff's delay. 2024 WL 4362987, at *7.

Unlike those cases, the alleged misstatements by an EEOC staff member that an attorney would be required to file suit are overshadowed by the clear deadline provided by the Notice of Right to Sue, the statements in the EEOC written materials indicating that hiring an attorney was merely an option, and Ms. Spears-Williams' discovery before the deadline passed that she could

9

file suit pro se. The evidence here shows a case of garden variety neglect. Equitable tolling must be sparingly applied, see <u>Nat'l R.R.</u>, 536 U.S. at 113, and is not justified by the circumstances of this case.

Conclusion

Ms. Spears-Williams failed to timely file suit. The alleged statement by EEOC staff that she required an attorney is not sufficient under the circumstances here to justify equitable tolling. Accordingly, LSU Healthcare's Motion to Dismiss, converted to a motion for summary judgment, is GRANTED.

New Orleans, Louisiana, this 27th day of October, 2025.

*[signature]*
Janis van Meerveld
United States Magistrate Judge